IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **TIM MARLOWE**<br>7372 Hunting Lake Drive<br>Concord, OH 44077<br>**On his own behalf and for all others similarly situated,**<br><br>       Plaintiff,<br><br>       VS.<br><br>**MY PILLOW, INC.**<br>343 East 82nd Street - #102<br>Chaska, MN 55318<br><br><br>       Defendant. | CASE NO.: 1:17-cv-00463-CAB<br><br>JUDGE Christopher A. Boyko<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT** |

## INTRODUCTION

1. Plaintiff Tim Marlowe ("Plaintiff") brings this complaint against Defendant My Pillow, Inc. ("Defendant") on behalf of himself and a class of all other similarly-situated consumers (the "Class," as further defined below).

2. The Defendant My Pillow, Inc. violated the Ohio Consumer Sales Practices Act ("CSPA") and other Ohio laws by telling consumers they were receiving a "free" product, when they were not.

3. In an advertising campaign, Defendant offered a pillow for sale and claimed to include a "free" pillow as part of the purchase through a "buy one, get one free" or "BOGO" promotion.

4. However, Defendant did not provide anything for "free." Defendant's "BOGO" promotion was false and deceptive for two reasons:

    a. First, Defendant inflated the regular price of the pillow being purchased as part of the promotion, resulting in the buyer purchasing two pillows at or near the combined regular price for two pillows. By passing off the cost of the free pillow offered in their "BOGO" advertisement to the consumer, Defendant violated Ohio law.

    b. Second, these BOGO advertising representations were made continuously for years. These deceptive "free" offers violate Ohio law.

## PARTIES

5. Plaintiff Tim Marlowe is a resident of Lake County, Ohio.

6. Defendant My Pillow, Inc. ("MyPillow") is a Minnesota limited liability company with its principal place of business at 343 East 82nd Street, Chaska, Minnesota 55318.

7. The Defendant's product is sold directly, online, and through supermarkets, warehouse clubs, and mass merchandisers such as Wal-Mart, Target, Bed Bath and Beyond, Costco, CVS, and other retail outlets.

## VENUE

8. This action is properly venued in this Court because Lake County is a county in which the Defendant's conducted activity that gave rise to the claim for relief, and it is the county in which part of the claim for relief arose.

**PERSONAL JURISDICTION**

9. This Court may properly exercise personal jurisdiction over the Defendant because the cause of action arises from Defendant transacting business in Ohio by selling its pillow product in Ohio.

**FACTS**

10. Defendant began its "buy one, get one" or "BOGO" advertising campaign in 2014 using infomercials.

11. On or about December 11, 2015, Plaintiff was solicited by Defendant, through an infomercial, to make a "BOGO" purchase by either calling a toll-free number or by visiting Defendant's website, www.mypillow.com.

12. The BOGO infomercial stated "call or go online now to order MyPillow and Mike will give you a second pillow absolutely free…"



13. On or about December 11, 2015, Plaintiff called the toll-free number and with the "promo code"[1] purchased two king pillows as part of the "buy one, get one" promotion. Plaintiff paid $119.96, which included shipping.

14. However, ONE king pillow can be purchased from My Pillow, Inc. on Amazon.com for $54.95 with free shipping, without the use of a promo code.



15. The fact that the BOGO price is approximately double the Amazon price shows that the BOGO offer does not include a "free" pillow.

16. Instead, Defendant deceived Plaintiff by inflating the regular price of the first pillow to approximately twice its regular price, thereby passing on the cost of the "free" pillow to the consumer.

17. In addition to inflating the regular price of the pillow, Defendant also engaged in a continuous "free" offer, which is illegal under Ohio law.

---

[1] The "promo code" is free and ubiquitous. It is on nearly every screen and page of the MyPillow website, in Defendant's infomercials, and at various third party websites. Upon information and belief, nearly all consumer purchases from Defendant within the class period were made with the "promo code".

## CLASS ALLEGATIONS

18. Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

19. Plaintiff brings this action on behalf of himself and all other similarly situated persons.

20. Plaintiff proposes the following class definition: Any Ohio resident who purchased pillows from MyPillow, Inc. as part of a "Buy One, Get One Free" promotion.

21. The class numbers over 40 persons. The class is so numerous that joinder of all members is impracticable. And, it is impracticable to bring all such persons before this Court.

22. The injuries and damages to the class members present common questions of law and fact, including:

   a) Does Defendant violate the CSPA by passing on the cost of the purportedly "free" goods to the consumer by increasing the price of the base good, in other words, doubling the price of its product in conjunction with a BOGO offer?

   b) Does Defendant violate the CSPA by making a continuous BOGO offer over a period of years? In other words, if a defendant continuously sells two items for $20 on the premise that the second item is "free," does the "free" offer eventually become deceptive?

   c) Did the class members suffer damages as a result of Defendant's deceptive conduct?

   d) Was Defendant unjustly enriched through the use of its deceptive BOGO offer?

   e)  Should Defendant disgorge its profits from the BOGO offer?

23.  Defendant has engaged in the same conduct with respect to all of the class members.

24.  The named Plaintiff's claims, defenses, and injuries are typical of the claims, defenses, and injuries of all the class members.

25.  The named Plaintiff will fully and adequately protect and represent the interests of the class members.

26.  The identity of the class members cannot be determined at this time, but will be determined at a later time.

27.  The prosecution of separate actions by each class member would create a substantial risk of inconsistent or varying adjudications for each individual class member that would establish incompatible standards of conduct for Defendant.

28.  The prosecution of separate actions would also create a substantial risk of adjudication with respect to individual members of the class, which, as a practical matter, would be dispositive of the interests of other members not parties to the adjudication, thereby substantially impairing and impeding their ability to protect those interests.

29.  The maintenance of this suit as a class action is the superior means of disposing of the common questions that predominate herein.

### FIRST CLAIM FOR RELIEF
### Ohio Consumer Sales Practices Act
### R.C. 1345 *et seq.*

30.  Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

31.  Defendant is a supplier under R.C. 1345.01(C).

32.  Plaintiff is a consumer under R.C. 1345.01(D).

33. Plaintiff's purchase of the BOGO product was a consumer transaction under R.C. 1345.01(A).

34. Plaintiff made his purchase for personal or household use.

35. Under the CSPA, it is illegal for a company to commit any unfair or deceptive act or practice in connection with a consumer transaction.

36. The Attorney General has the authority to adopt rules defining with reasonable specificity the acts and practices that violate the CSPA. R.C. 1345.05; OAC 109:4-3-01(A)(2).

37. OAC §109:4-3-04(A) provides: "the practice of advertising or offering goods … as 'free' when in fact the cost of the 'free' offer is passed on to the consumer by raising the regular (base) price of the goods … that must be purchased in connection with the 'free' offer. In the absence of such a base price a 'free' offer is in reality a single price for combination of goods … offered, and the fiction that any portion of the offer is 'free' is inherently deceptive."

38. Here, by incorporating the cost of the purportedly "free" item into the price of the first item, Defendant deceived Plaintiff and the class, and violated the CSPA.

39. OAC 109:4-3-04(H) provides: "Continuous or repeated 'free' offers are deceptive acts or practices since the supplier's regular price for goods to be purchased by consumers in order to avail themselves of the 'free' goods will, by lapse of time, become the regular price for the 'free' goods or services together with the other goods or services required to be purchased. Under such circumstances, therefore, an offer of 'free' goods or services is merely illusory and deceptive."

40. Here, by continuously making the BOGO offer, the Defendant's BOGO offer became deceptive.

41. By violating OAC 109:4-3-04(A) and OAC 109:4-3-04(H), the Defendant engaged in deceptive conduct under the CSPA, and thereby violated the CSPA.

42. Given the express language of OAC 109:4-3-04, the Defendant was on notice that its acts and practices violated the CSPA.

43. Defendant engaged in the same conduct set forth above with the members of the class.

44. As a direct and proximate result of the Defendant's CSPA violations, the Plaintiff and the class members have been injured in an amount to be determined at trial.

45. The Plaintiff and the class members are entitled to damages for the value of the "free" pillow that they did not receive, statutory damages, and restitution

46. A federal district court sitting in diversity, when applying Ohio law, should permit a class action, under Federal Rule of Civil Procedure 23, for statutory damages under Ohio's Consumer Sales Practices Act, in spite of Ohio's bar on such class action claims for statutory damages. *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.,* 559 U.S. 393 (2010).

47. Under *Shady Grove,* an Ohio statute restricting class actions does not apply in federal court. Rule 23 controls. See *Lisk v. Lumber One Wood Preserving, LLC,* 792 F.3d 1331, 1336 (11th Cir.2015).

48. District courts in Ohio have erroneously treated Justice Stevens' concurrence as the holding in *Shady Grove*. When a fragmented court decides a case, and no single rationale explaining the result enjoys the assent of five justices, the holding of the court is the position taken by the judge concurring on the narrowest grounds. *U.S. v. Cundiff,* 555 F.3d 200, 208 (6th Cir.2009). An opinion is narrower than another if it is a logical subset of the other. *Id.* at 209. But Justice Stevens' concurrence was not the logical subset of the plurality opinion in *Shady Grove*. See *In re Hydroxycut Marketing and Sales Practices Litig.,* 299 F.R.D. 648, 653 (S.D. Cal. 2014). In fact, the plurality opinion in *Shady Grove* expressly addressed Justice Stevens' approach to the

issue before the Court and rejected it. *Shady Grove,* 559 U.S. at 411. Therefore, the only binding aspect of the decision is the specific result. *Hydroxycut,* 299 F.R.D. at 653. In *Shady Grove,* the specific result was that a state law ban on a class action claim for statutory damages conflicted with Rule 23, and Rule 23 controlled. That result applies here.

49. Alternatively, the Plaintiff and the class members are entitled to restitution in the form of the Defendant's net profits on their transactions.

50. Under R.C. 1345.09(B), consumers may "recover damages or *other appropriate relief* in a class action under Civil Rule 23, as amended."

51. Restitution is appropriate relief under the CSPA. "Only by ordering restitution ... can [a court] give effect to the expressed intention of [the Ohio] legislature to provide a strong consumer protection program which safeguards the public interest and well-being of consumers." *Motzer Dodge Jeep Eagle, Inc. v. Ohio Attorney General,* 95 Ohio App.3d 183, 191 (12th Dist. 1994).

52. Restitution is also appropriate relief under Rule 23: "[N]othing in Civ.R. 23(B)(3) limits classes certified under that provision to classes seeking the recovery of money damages or otherwise precludes the certification of classes seeking equitable relief[.]" *San Allen, Inc. v. Buehrer,* 11 N.E.3d 739, 2014-Ohio-2071, ¶ 61 n.19 (8th Dist.).

53. Restitution measures the remedy by the Defendant's gain and seeks to force disgorgement of that gain. It differs from damages, which measures the remedy by the Plaintiff's loss.

54. Here, one appropriate remedy in restitution would be the disgorgement of the Defendant's net profits on its deceptive and misleading "free" offer in Ohio.

## SECOND CLAIM FOR RELIEF
### Unjust Enrichment

55. Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

56. Plaintiff conferred a benefit on Defendant by accepting the Defendant's BOGO offer.

57. Defendant retained that benefit, with full knowledge that Plaintiff had not received a free item, as promised in Defendant's BOGO offer.

58. Between Plaintiff and Defendant, Plaintiff has the superior equity.

59. Defendant knew that Plaintiff would not receive a free item when he accepted the BOGO offer, but never disclosed that fact in any of its ads.

60. Because Defendant knew that its representation of a "free" pillow was false, and failed to disclose that information, Plaintiff has the superior equity.

61. Under these circumstances, it would be unjust for Defendant to retain the benefit Plaintiff conferred on it.

62. Plaintiff and the putative class members are entitled to restitution in the form of disgorgement, at a minimum, of Defendant's profits on its BOGO offer.

## THIRD CLAIM FOR RELIEF
### Fraud

63. Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

64. Defendant represented to Plaintiff and the class members that they were paying the regular price on the first item, and that they were receiving a second item "free."

65. These representations about price were material to the sale of the pillows.

66. The representations were false. The stated BOGO price was not the regular price of one king pillow, and Plaintiff and the class members did not receive any "free" items.

67. Defendant knew that Plaintiff and the putative class members would be misled by these representations.

68. Defendant intended that Plaintiff and the putative class members would rely on these representations to induce them to make purchases.

69. The Plaintiff and the class members did justifiably rely on those representations.

70. Defendant had no intention of ever offering Plaintiff and the class members a "free" item since it knew that the advertised BOGO price was approximately double the regular price of a king pillow.

71. Plaintiff and the putative class members were harmed by Defendant's fraudulent representations in the amount of the value of the "free" king pillow they did not receive, and are entitled to recover that amount from Defendant, with all other remedies provided by law.

## PRAYER FOR RELIEF

**Wherefore,** Plaintiff demands judgment as follows:

1. For an Order (a) determining at the earliest possible time that this matter may proceed as a class action under Civil Rule 23, and (b) certifying the class;

2. For compensatory damages and punitive damages;

3. For statutory damages under the CSPA;

4. For restitution;

5. For disgorgement of Defendant's profits on the BOGO offer;

6. For reasonable costs and attorney fees under common law and/or R.C. 1345.09(F); and

7. For such other or further relief as the Court deems the Plaintiff and the class members entitled.

Respectfully submitted,

*/s/ Nicole T. Fiorelli*
Patrick J. Perotti (0005481)
Nicole T. Fiorelli (0079204)
Frank A. Bartela (0088128)
Dworken & Bernstein Co., L.P.A.
60 South Park Place
Painesville, OH 44077
(440) 352-3391
Email:   pperotti@dworkenlaw.com
            nfiorelli@dworenlaw.com
            fbartela@dworkenlaw.com

## CERTIFICATE SERVICE

I hereby certify that on March 9, 2017, a copy of the foregoing *First Amended Class Action Complaint* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*/s/ Nicole T. Fiorelli*
Nicole T. Fiorelli (0079204)
DWORKEN & BERNSTEIN CO., L.P.A.

*Attorney for Plaintiff Tim Marlowe*