# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| TIM MARLOWE, etc., | ) | CASE NO. 1:17CV463 |
| Plaintiff, | ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) | |
| | ) | |
| MY PILLOW, INC., | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #8) to Dismiss Plaintiff's First Amended Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, Defendant's Motion is granted in part and denied in part.

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff Tim Marlowe filed his original Complaint on January 27, 2017, against Defendant My Pillow, Inc., alleging three causes of action relating to Defendant's advertising campaign. Plaintiff's First Amended Complaint was filed on March 9, 2017. Defendant filed

a Motion to Dismiss all claims on April 13, 2017.

According to Plaintiff's Complaint, Plaintiff purchased two King pillows for a total price of $119.96 in response to Defendant's "buy one, get one" ("BOGO") offer on or about December 11, 2015. (Pl. Am. Compl. ¶¶ 11, 13). Plaintiff asserts, however, that one King-size pillow can be purchased from My Pillow on Amazon for $54.95. (Pl. Am. Compl. ¶ 14). Plaintiff's argument is that Defendant's BOGO offer does not result in one free pillow, but instead inflates the price of the first pillow to twice its regular price, passing the cost of the second pillow on to the customer. (Pl. Am. Compl. ¶ 15, 16). Plaintiff brought class and individual claims alleging a violation of the Ohio Consumer Sales Practices Act, Unjust Enrichment and Fraud. Defendant filed a Motion to Dismiss all of Plaintiff's claims.

## II. LAW AND ANALYSIS

**A. Legal Standard**

When presented with a motion to dismiss, the Court must test the sufficiency of the complaint and determine whether "accepting the allegations in the complaint as true and construing them liberally in favor of the plaintiff, the complaint fails to allege 'enough facts to state a claim for relief that is plausible on its face.'" *Ashmus v. Bay Vill. Sch. Dist. Bd. of Educ.*, 2007 U.S. Dist. LEXIS 62208 (N.D. Ohio 2007), *quoting Bell Atlantic Corp. v. Twombly*, U.S., 127 S.Ct. 1955, 1974 (2007). Claims alleged in the complaint must be "plausible," not merely "conceivable." *Id.* Dismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised. *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990).

**B. Plaintiff's Claim for Relief under the Ohio Consumer Sales Practices Act**

For recovery relating to a class claim under the Ohio Consumer Sales Practices Act (OCSPA), the plaintiff must have suffered actual damages proximately caused by the defendant's deceptive practice. *Gerboc v. ContextLogic, Inc.*, 867 F.3d 675, 680 (6th Cir. 2017). Actual damages are defined under the OCSPA as "damages for direct, incidental, or consequential pecuniary losses resulting from a violation of Chapter 1345 of the Revised Code and does not include damages for noneconomic loss as defined in Section 2315.18 of the Revised Code." *Cassidy v. Teaching Co., LLC*, 2014 WL 1599518, *5 (S.D. Ohio Apr. 21, 2014) (citing O.R.C. § 1345.09(G)). Plaintiff alleges that he and all other class members are entitled to damages for the value of the "free" pillow they did not receive based on the discrepancy between the price under the BOGO offer and the single offer. (Pl. Am. Compl. ¶¶ 15, 45). However, Plaintiff does not allege that the pillows purchased were not worth the price which Plaintiff paid. *Johnson v. Jos. A. Bank Clothiers, Inc.*, 2014 WL 4129576, *5 (S.D. Ohio Aug. 19, 2014) ("It must be remembered that the *Amended Complaint* does not allege that the suits purchased by plaintiffs were not worth, collectively, the amount that plaintiffs paid or that similar suits could have been purchased elsewhere for less.") (emphasis original). In *Johnson*, the court stated that the plaintiff failed to show actual damages when the complaint failed to indicate that either the plaintiff did not receive the goods in exchange for his payment, or goods were not actually worth, in aggregate, less than the amount paid. *Id.* at *5-6. Without facts supporting the proposition that two pillows from My Pillow are of less value than that which Plaintiff paid when he bought two pillows, Plaintiff has failed to show actual damages as required for recovery under an OCSPA class

claim.

Therefore, Defendant's Motion to Dismiss Plaintiff's Class Action OCSPA claim is granted.

Importantly, this conclusion does not necessarily preclude Plaintiff from recovering under an individual OCSPA claim. Courts have repeatedly stated that, in these types of cases, plaintiffs may be able to recover under an individual suit. *Johnson*, 2014 WL 4129576, at *7; *Ice v. Hobby Lobby Stores, Inc.*, 2015 WL 5731290, *2 (N.D. Ohio Sept. 29, 2015); *Gerboc*, 867 F.3d at 681. Plaintiff has sufficiently alleged conduct proscribed by Ohio Admin. Code §§ 109:4-3-04(A) and 109:4-3-04(H). *Johnson*, 2014 WL 4129576, at 4. As such, Plaintiff's individual claim under the OCSPA cannot be dismissed under Fed. R. Civ. P. 12(b)(6). Defendant's Motion to Dismiss Plaintiff's individual OCSPA claim is denied.

**C. Plaintiff's Claim for Unjust Enrichment**

For recovery under a claim of unjust enrichment, a plaintiff must show that "(1) [she/he] conferred a benefit upon the defendant, (2) the defendant had knowledge of such benefit, and (3) the defendant retained that benefit under circumstances in which it would be unjust for him to retain that benefit." *Martin v. Lamrite West, Inc.*, 41 N.E.3d 850, 855 (Ohio Ct. App. 2015). The first two elements have been met since Plaintiff paid Defendant an amount of $119.96 and Defendant had knowledge of the benefit. (Pl. Am. Compl. ¶ 13). The third element, however, has not been met. In *Gerboc*, the Sixth Circuit quoted the *Martin* court, stating, "regardless of the nature of the advertised discounts, both buyers received the benefit of what they paid for in an arm's length-transaction, so they cannot recover on the basis that it would be unjust to allow the seller to retain the purchase price." *Gerboc*, 867

F.3d at 679 (quoting *Martin*, 41 N.E.3d at 855). As mentioned, Plaintiff did receive two pillows for twice the cost of a single pillow. (Pl. Am. Compl. ¶¶ 13, 14). Plaintiff got what he paid for. As the *Gerboc* court notes, "[u]njust enrichment is 'designed to compensate a plaintiff for the benefit he has conferred upon another, not to compensate him for a loss suffered.'" *Gerboc*, 867 F.3d at 678 (quoting *Wuliger v. Mfrs. Life Ins. Co.*, 567 F.3d 787, 799 (6th Cir. 2009)). In other words, even assuming Plaintiff were able to establish that he did suffer economic loss, that by itself would not support his claim for unjust enrichment.

Therefore, since Defendant did not retain a benefit under circumstances in which it would have been unjust to retain that benefit, Defendant's Motion to Dismiss Plaintiff's claim for Unjust Enrichment is granted.

**D. Plaintiff's Claim for Fraud**

In Ohio, an actionable claim for fraud requires, "(1) a representation or, where there is a duty to disclose, concealment of a fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance." *Gerboc v. ContextLogic, Inc.*, 2016 WL 6563684, at *6 (N.D. Ohio Nov. 4, 2016). A failure to allege actual damages or any injury "beyond the reliance on the misrepresentation itself is fatal to [a] fraud claim." *Id.* Similarly, Plaintiff does not sufficiently allege actual damages, as noted in Part B, *supra*, failing to satisfy the sixth element of a valid fraud claim.

Therefore, Defendant's Motion to Dismiss Plaintiff's claim for Fraud is granted.

## III. CONCLUSION

Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. (12)(b)(6) is granted as it relates to the OCSPA Class Action claim, Unjust Enrichment claim, and Fraud claim, and denied as to the individual OCSPA claim.

**IT IS SO ORDERED.**

                                        **s/ Christopher A. Boyko**
                                        **CHRISTOPHER A. BOYKO**
                                        **United States District Judge**

**Dated: September 26, 2017**